United States District Court
Southern District of Texas
**ENTERED**
November 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOBY MACK DEVENPORT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 2:21-CV-00254 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

Toby Mack Devenport ("Petitioner"), a state prisoner incarcerated at the McConnell Unit in Beeville, Texas, filed a 28 U.S.C. § 2254 petition with this Court on October 29, 2021. (Dkt. No. 1.) Petitioner challenges his state conviction for manufacture or delivery of a controlled substance, which was rendered in the 31st District Court of Wheeler County, Texas. (Dkt. No. 1.).

A *habeas* action may be filed either in the district where the petitioner is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Here, Petitioner's place of incarceration is in Bee County, in the Corpus Christi Division of the Southern District of Texas, but he was convicted in Wheeler County, which lies in the Amarillo Division of the Northern District of Texas. 28 U.S.C. §§ 124(a)(5), (b)(6).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a), 1406(a). Specifically, *habeas* applications may be transferred in

furtherance of justice to the district in which the state court convicted the petitioner. 28 U.S.C. § 2241(d). The federal district of present incarceration and the district of conviction thus have concurrent jurisdiction to entertain the application. *Id.*

Here, Petitioner's *habeas* petition is not improperly filed in this Court, because he remains in custody in the Corpus Christi Division of the Southern District of Texas. *See* Dkt. No. 1; 28 U.S.C. § 124(b)(6). However, Petitioner was convicted in Wheeler County, located in the Amarillo Division of the Northern District of Texas. *See* Dkt. No. 1; 28 U.S.C. § 124(a)(5). Additionally, it appears that all of the individuals involved in the underlying state criminal case are located in the Amarillo Division (save for the incarcerated Petitioner himself), and that all of the events giving rise to Petitioner's cause of action also occurred in that division. To further the interests of justice, and for the convenience of the parties involved, it is appropriate to transfer this case to the Amarillo Division of the Northern District of Texas for hearing and determination.

Accordingly, it is ORDERED that this case be transferred to the United States District Court for the Northern District of Texas, Amarillo Division. The Clerk of Court is DIRECTED to close this case.

ORDERED on November 5, 2021.

_____
Mitchel Neurock
United States Magistrate Judge